THE PEOPLE OF THE STATE OF NEW YORK ex rel. RAMON GUTIERREZ, Petitioner, v ADA PEREZ, SUPERINTENDENT, DOWNSTATE CORRECTIONAL FACILITY, Respondent. [941 NYS2d 673]—

In a proceeding pursuant to CPLR article 70 for a writ of habeas corpus, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Forman, J.), dated August 25, 2010, which, without a hearing, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner was convicted in 2002 in the Supreme Court, Albany County, of various drug-related crimes. He was out on bail during his trial when he absconded to his native country, the Dominican Republic. Consequently, he was sentenced in absentia to concurrent indeterminate terms of 22 years to life in prison. Seven years later, United States authorities located the petitioner in the Dominican Republic, which thereafter agreed to extradite him back to New York to fulfill his sentence. The petitioner commenced this habeas corpus proceeding, claiming that he was entitled to be released without serving his sentence because its maximum term of life imprisonment violated either the extradition treaty between the Dominican Republic and the United States or Dominican Republic law, or, alternatively, because he was illegally abducted to the United States.

There is no merit to the petitioner's contentions that New York lacked jurisdiction over him, that he should be immediately released from prison because, inter alia, he was allegedly abducted from the Dominican Republic under threat of violence

by United States officials, and that his sentence was not reformulated to ensure that he served no more than 30 years in prison in accordance with Dominican Republic law (*see United States v Reed*, 639 F2d 896, 901 [1981]; *United States ex rel. Lujan v Gengler*, 510 F2d 62 [1975], *cert denied* 421 US 1001 [1975]; *United States v Cuevas*, 496 F3d 256 [2007], *cert denied* 552 US 1052 [2007]). Florio, J.P., Chambers, Hall and Miller, JJ., concur.